UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| **WILLIAM R. HOFMANN AND** | ) | CHAPTER **13** |
| **ANTTONIA M. HOFMANN** | ) | |
| Debtor(s) | ) | |
| | ) | CASE NO. **03-43908-LWD** |
| | ) | |
| **WASHINGTON MUTUAL BANK, F.A.,** | ) | |
| **SUCCESSOR IN INTEREST TO** | ) | JUDGE **LAMAR W. DAVIS, JR.** |
| **HOMESIDE LENDING,INC.,ITS** | ) | |
| **SUCCESSORS OR ASSIGNS** | ) | |
| Movant | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| **WILLIAM R. HOFMANN AND** | ) | |
| **ANTTONIA M. HOFMANN,** and | ) | |
| **SYLVIA FORD BROWN**, Trustee | ) | |
| Respondent(s) | | |

## MOTION FOR RELIEF FROM STAY AND REQUEST FOR WAIVER OF RULE 4001(a)(3)

COMES NOW the Movant, WASHINGTON MUTUAL BANK, F.A., SUCCESSOR IN INTEREST TO HOMESIDE LENDING, INC., ITS SUCCESSORS OR ASSIGNS, by and through its attorneys, and shows the Court as follows:

1.

This is a motion under Section 362(d) of the Bankruptcy Code for relief from the existing stay for the purpose of foreclosing by a private power of sale contained in a certain Deed to Secure Debt.

2.

WILLIAM R. HOFMANN AND ANTTONIA M. HOFMANN (hereinafter "Respondent") filed this proceeding under Chapter 13 of the Bankruptcy Code on December 5,

2003 and remains in possession of the subject property under a plan of arrangement confirmed by this Court.

3.

As collateral for a Note, Respondent has executed a Deed to Secure Debt conveying to Movant certain improved real property located in Liberty County, Georgia. A copy of the first page of said Security Deed is attached as Exhibit "A".

4.

The unpaid principal balance is approximately $64,430.11 with interest being due thereon as indicated by the said Note. Respondent's Plan requires Respondent to timely pay mortgage payments directly to Movant beginning with the first monthly payment due following the filing of the Chapter 13 bankruptcy. Respondent has failed to pay the monthly loan payments directly to Movant as required by the Plan.

5.

Although Respondent is not making payments to Movant, Respondent continues to use and/or occupy the subject property to the ultimate detriment to Movant, thus denying adequate protection.

6.

Based upon the foregoing facts, Movant shows that good cause exists, including a lack of adequate protection, for granting to Movant for relief from the automatic stay.

WHEREFORE, Movant respectfully requests:

(a) That this Court terminate the automatic stay of Bankruptcy Code Section 362 effective as of the date of the hearing to the extent that the automatic stay enjoins and restrains

Movant from the exercise of its rights under the Power of Sale provisions contained in the Security Deed and as provided for by the laws of the State of Georgia;

(b) That, if the Court does not terminate the stay, this Court enter an Order conditioning its continuation upon the following:

Respondent's immediate payment of all amounts due inside and outside the Plan, together with attorney's fees and costs of this Motion;

In the event Respondent shall fail to make any payment required outside the Plan, within ten (10) days of its due date, then Movant shall give written notice of such default to Debtor's counsel. If such default is not cured within ten (10) calendar days of said counsel's receipt of such notice, then Movant's counsel shall be entitled, without any further notice or hearing whatsoever, to present to this Court an Order Lifting Stay, terminating the automatic stay as to Respondent's real property located at 2522 COVE STREET, HINESVILLE, GA 31313, and Movant may immediately proceed to foreclose under its Power of Sale provisions contained in the Security Deed and as provided for by the laws of the State of Georgia;

(c) That in the event of dismissal or conversion of Respondent's Chapter 13 case and the refiling of any new bankruptcy proceeding within 180 days of the date of this Court's Order, no automatic stay shall arise or be imposed upon the subject property, unless the Debtor has made application to this Court and has been granted an Order expressly revoking and vacating the relief from the automatic stay granted by this Order. Debtor's application shall be accompanied by an affidavit reciting all pertinent changes or circumstances in support thereof and shall certify that prior notice of time and place of presentment of the application has been given to Movant and its attorney;

(d) That the Court order that Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable so that Movant may immediately enforce and implement an order granting relief from the automatic stay;

(e) That the Court grant such other and further relief as may be equitable and just under the circumstances.

_____
STEPHEN F. GREENBERG
Georgia Bar No. # 307750

STEPHEN F. GREENBERG
14 East State Street
Savannah, GA 31412-0305
(912)233-2251

_____
SEAN R. QUIRK
Georgia Bar No. 591467

2872 Woodcock Boulevard
Suite 100
Atlanta, GA 30341
(770) 220-2535